**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel Dean SWANGER, Defendant–
Appellant.**

**No. 05–30354.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2007.

Filed Feb. 23, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Frank R. Papagni, Jr., Esq., Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Kendra Matthews, Ransom & Blackmon, LLP, Portland, OR, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Daniel Dean Swanger ("Swanger") appeals his conviction for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Swanger argues that the district court erred in denying his motion to suppress statements he made while being interrogated after he invoked his right to counsel. We find that the district court's findings were incomplete and inconsistent with the record. Accordingly, we remand this case to allow the court to make additional factual findings.

In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court held that once a person is arrested, he or she has the right to remain silent and the right to consult with an attorney. *Id.* at 467, 469, 86 S.Ct. 1602. If the suspect "indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning." *Id.* at 444–45, 86 S.Ct. 1602. Furthermore, "waiver cannot be found from a suspect's continued response to questions, even if he is again advised of his rights." *Smith v. Endell*, 860 F.2d 1528, 1529 (9th Cir.1988) (citing *Edwards v. Arizona*, 451 U.S. 477, 484–85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)).

The district court made several findings relevant to Swanger's motion to suppress. First, the district court found that Swanger was read his *Miranda* warnings immediately after his arrest. Given the officers' testimony, there was a sufficient factual basis for this finding. Second, the court concluded, also with a sufficient factual basis, that Swanger knowingly and voluntarily spoke to detectives after his *Miranda* warnings were given. *See Dickerson v. United States*, 530 U.S. 428, 434, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (we look at the totality of the circumstances, including the characteristics of the accused and the details of the interrogation, to determine voluntariness). Third, the district court found the defense witnesses' statements regarding Swanger's alleged pre-arrest invocations of his right to counsel not credible. Therefore, the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's finding that Swanger made no effort to invoke his right to counsel *prior* to his arrest was not clearly erroneous, and we affirm that finding.

However, there remains a critical omission in the district court's opinion: there is no factual finding regarding Swanger's invocation of his right to counsel *immediately after* his arrest when he was being transported to the police station for questioning. Swanger testified:

> I told [Officer Boring] that I want my attorney present. I don't want to talk to you without an attorney. I want to use a telephone. This was after he took the telephone and we were in the car. I said I want my attorney. I want my attorney right now. I don't want to talk to you.

Instead of determining whether Swanger did or did not make these statements, the district court merely stated that Swanger "did not testify about the specifics of [his] purported requests for counsel." On this basis, the court concluded that "[w]ithout specifics about what [Swanger] said to detectives and when he said it, I am unable to make an objective inquiry into whether the requests for counsel ... were unequivocal and unambiguous." To be sure, a defendant's invocation of his right to counsel must be unambiguous and unequivocal, *Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), but it is difficult to imagine an invocation with less ambiguity or equivocation than the above-cited statement.

Therefore, the district court's conclusion that Swanger *did not* testify about his purported requests for counsel was clearly erroneous. Accordingly, we remand the case to allow the district court to make a specific finding regarding Swanger's post-arrest invocation of counsel.

**REMANDED.**